# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2010

No. 09-20520
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADOLFO ESTRADA RODRIGUEZ, also known as Adolfo Estrada, also known as Anthony Martinez, also known as Adolfo Estradal, also known as Adolfo Estrada Balerio, also known as Adolfo Estrada-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-115-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Adolfo Estrada Rodriguez appeals his 86-month sentence following his guilty plea to illegal reentry following deportation. He challenges his within-guidelines sentence, contending that his sentence is procedurally unreasonable because the district court failed to provide sufficient reasons for imposing the sentence. Rodriguez also maintains that his sentence was greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to achieve the purposes of sentencing and was substantively unreasonable.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error." *Id*. at 752-53. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id*. at 751-53.

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 346 (2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Id*. at 357. The Court has not, however, explicitly mandated that a sentencing court provide specific reasons for its rejection of a defendant's arguments or request for a lower sentence. *Id*. The explanation requirement may be satisfied if the district court listens to arguments, then indicates that a sentence within the guideline sentencing range is appropriate. *Id*. at 357-59.

Here, the district court, after hearing argument of counsel for a below-Guidelines sentence, stated that it had considered the § 3553(a) factors and Rodriguez's extensive criminal history and that a sentence in the middle of the guidelines range was appropriate. The district court's statements were sufficient. *See id*. Rodriguez's 86-month sentence was within the Guidelines range of 77 to 96 months in prison and is presumed reasonable. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). The sentence is AFFIRMED.

2